**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12062
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUTHER TROVIAN JONES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cr-14003-AMC-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Luther Trovian Jones appeals the district court's denial of his motion to suppress evidence related to his conviction for possession of at least 50 grams of methamphetamine, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(A).  Jones argues that the district court clearly erred by crediting Detective Seth Abeln's testimony to determine reasonable suspicion and in finding that the dog sniff did not unlawfully prolong the traffic stop.

## I. DISCUSSION

*A. Reasonable Suspicion*

A denial of a motion to suppress involves mixed questions of fact and law, whereby we review the district court's findings of fact for clear error, considering all evidence in the light most favorable to the district court's decision, and we review de novo the application of the law to the facts.  *United States v. Campbell*, 26 F.4th 860, 870 (11th Cir. 2022) (en banc).

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. CONST. amend. IV.

A traffic stop for a suspected violation of law is a "seizure" of the people in the vehicle within the meaning of the Fourth Amendment, and it must be conducted in accordance with the Fourth Amendment.  *Heien v. North Carolina*, 574 U.S. 54, 60 (2014).  For a traffic stop to comply with the Fourth Amendment, an officer needs reasonable suspicion, which is "a particularized and objective basis for suspecting the particular person stopped of breaking the

law." *Id.* "Even minor traffic violations qualify as criminal activity." *Campbell*, 26 F.4th at 880. Reasonable suspicion is present when an officer has more than an "inchoate and unparticularized suspicion," but rather "specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

The district court is the fact finder, and credibility determinations are typically its province because it personally observes testimony. *United States v. Grushko*, 50 F.4th 1, 11 (11th Cir. 2022). We thus afford "substantial deference to the fact finder's explicit and implicit credibility determinations." *Id.* This substantial deference applies when an officer's testimony conflicts with a defendant's, in which case we must uphold the district court's credibility determination "unless the [district court] credits exceedingly improbable testimony." *Id.* In other words, we must accept a district court's credibility determination unless it is "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable" fact finder could accept it. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

Florida Statute section 316.614(4)(b) states that, "[i]t is unlawful for any person . . . [t]o operate a motor vehicle or an autocycle in this state unless the person is restrained by a safety belt." FLA. STAT. § 316.614(4)(b). Section 316.614(8) states in relevant part that, "[a]ny person who violates the provisions of this section commits a nonmoving violation." FLA. STAT. § 316.614(8).

Here, the district court did not clearly err by crediting Detective Abeln's testimony that he observed Jones driving his vehicle without wearing a seat belt.  As an initial matter, the court expressly acknowledged that Jones and Detective Abeln presented "contrary testimony" regarding the seat belt issue and never stated that their testimonies were consistent, but found more credible Detective Abeln's testimony that Jones "was not wearing his [seat belt] while still operating his motor vehicle."  As a result, the court concluded that Detective Abeln had reasonable suspicion to stop Jones because he "personally observed that [Jones] was not wearing" his seat belt, and even though "the lighting was concededly dim given the time of day, there was still some illumination in the area," which was not undermined by Investigator Hines's testimony.  This was within the district court's province as the fact finder, and this Court must afford "substantial deference" to its credibility determination unless it was "exceedingly improbable." *Grushko*, 50 F.4th at 11.

Detective Abeln testified that he observed Jones driving without wearing his seat belt and with his window down from three feet away in an illuminated parking lot, which was a "specific reasonable inference[]" that was enough to form "a particularized and objective basis for suspecting" Jones of committing a traffic violation.  *Terry*, 392 U.S. at 27; *Heien*, 574 U.S. at 60; *Campbell*, 26 F.4th at 880; *see* FLA. STAT. § 316.614(4)(b) and (8).  Jones has not provided evidence that this testimony was so "exceedingly improbable" as to be "contrary to the laws of nature, or . . . so inconsistent

or improbable on its face that no reasonable" fact finder could accept it.  *Grushko*, 50 F.4th at 11; *Ramirez-Chilel*, 289 F.3d at 749. Therefore, the district court did not clearly err in its credibility determination and finding that there existed reasonable suspicion for the traffic stop.

*B. Prolongation of Traffic Stop*

We review *de novo* a district court's application of the law to the facts in its denial of a motion to suppress.  *Campbell*, 26 F.4th at 870.

The Supreme Court has held that a dog sniff to determine the presence or absence of drugs is not a "search" within the meaning of the Fourth Amendment.  *United States v. Place*, 462 U.S. 696, 707 (1983) (in the context of a dog sniff of luggage within a public place).  The Supreme Court has further held that a dog sniff may be conducted during a lawful traffic stop without violating the Fourth Amendment.  *Illinois v. Caballes*, 543 U.S. 405, 410 (2005). But the Supreme Court has also clarified that, while an officer may continue a traffic stop to attend to the mission of the stop—the traffic violation and related safety concerns—it violates the Fourth Amendment to prolong a stop for unrelated actions without reasonable suspicion.  *Rodriguez v. United States*, 575 U.S. 348, 354-55 (2015).  A dog sniff is not related to the mission of a traffic stop, and it is unlawful to the extent that it prolongs a stop beyond its mission.  *Id.* at 356-57.  Thus, the critical question is whether the sniff prolongs, i.e., adds time to, the stop.  *Id.* at 357.

We have held that, "to unlawfully prolong [a traffic stop], the officer must (1) conduct an unrelated inquiry aimed at investigating other crimes (2) that adds time to the stop (3) without reasonable suspicion." *Campbell*, 26 F.4th at 884. "[T]he length of [prolongment] is immaterial" to whether it is unlawful. *Id.* A dog sniff does not prolong a traffic stop "when the uncontroverted testimony establishes that the [K-9] units arrived while the officers were still conducting routine records checks and preparing the traffic citations." *United States v. Braddy*, 11 F.4th 1298, 1311-1312 (11th Cir. 2021).

Here, the dog sniff did not unlawfully prolong the stop because the uncontroverted testimony established that the K-9 unit arrived before Detective Abeln had completed his investigation of the traffic stop. Indeed, the district court found that the dog alerted to the presence of narcotics in Jones' vehicle while Detective Abeln was still in his vehicle and before he had completed preparing the warning for the seatbelt violation. To the extent he briefly delayed the stop to retrieve his police vehicle, he did so for safety concerns and to access his in-vehicle laptop, both of which were related to the mission of the stop.

**AFFIRMED.**